DARYL S. LANDY, State Bar No. 136288
MICHAEL D. SCHLEMMER, State Bar No. 250000
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel.: 650.843.4000
Fax: 650.843.4001
E-mail: dlandy@morganlewis.com;
mschlemmer@morganlewis.com

Attorneys for Defendant
NOVO NORDISK INC.


NORMAN B. BLUMENTHAL, State Bar No. 68687
KYLE R. NORDREHAUG, State Bar No. 205975
APARAJIT BHOWMIK, State Bar No. 248066
PIYA MUKHERJEE, State Bar No. 274217
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Tel.: 858.551.1222
Fax: 858.551.1232

Attorneys for Plaintiff
MIRA LISA BROWN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA LISA BROWN, an individual, on behalf of herself and all persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>NOVO NORDISK INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No. 2:11-CV-01702-MCE-CKD<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>United States District Judge Morrison C. England, Jr. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned matter, and by and between their undersigned counsel, that:

"Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Confidentiality Agreement and Protective Order.

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1. Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document, information or material that is either (i) produced during discovery proceedings in this action, (ii) included in an order of this Court, or (iii) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.

2. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3. (a) All documents, information and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement and Protective Order without the need for any designation until the end of the seventh day after the date on which it is/they are produced.

(b) Documents and other discovery materials may be designated as Confidential Material (i) by affixing a legend to every page of the document at the time of production, (ii) by agreement in writing between the producing and receiving parties at any time, (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 4 below, or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 5 below. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The documents or discovery materials in dispute shall remain Confidential Material subject to the terms of this Confidentiality

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

Agreement and Protective Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation, and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4. Any person giving deposition testimony in this action may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential Material, as Confidential Material by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the seventh day after the date of receipt of the deposition transcript. Deposition testimony shall automatically be deemed to be Confidential Material subject to the terms of this Confidentiality Agreement and Protective Order until the end of the seventh day after the date of receipt of the deposition transcript. In addition, any party may designate as Confidential Material, in accordance with the provisions of Paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action. All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked "Confidential Material" on the cover thereof. If this designation is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The deposition testimony in dispute shall remain Confidential Material subject to the terms of this Confidentiality Agreement and Protective Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

5. Motion papers or other Court filings, including exhibits, that disclose Confidential Material shall be the subject of a request pursuant to Eastern District Local Rule 141 for an order filing the Confidential Material under seal, and shall not be filed without first seeking to file under seal under Local Rule 141. Nothing shall be filed under seal without a court order authorizing the sealing of a particular document, or portions thereof, by the judge before whom the hearing or proceeding will take place.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

6. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon consent of the designating party or order of this Court, unless the Confidential Material was obtained lawfully and independently of the designating party.

7. Confidential Material shall be held in confidence and shall not be intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

(a) the receiving party's outside counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) witnesses, experts, and consultants of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and professional litigation support service vendors and their employees and subcontractors (*i.e.* persons or entities that provide litigation support services such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Confidentiality Agreement and Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) class members following the certification of any class in this action or putative class members in this action, but only to the limited extent that his or her individual personal information is the subject of the Confidential Material (*i.e.*, the class member or putative class member may view records relating to his or her own employment, but may not view records of any other class member or putative class member and, to the extent the Confidential Material contains information regarding additional persons, the information regarding the additional persons must be redacted before providing the Confidential Material to the class member or putative class member).

8. Any disputes between counsel regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues centering on Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

9. Prior to the disclosure of any Confidential Material to the Plaintiff, Defendant, or any individual entitled to review such information pursuant to the provisions of sub-paragraphs 7(c), 7(e), 7(f), or 7(h) above, such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read this Confidentiality Agreement and Protective Order, he or she shall be required to sign a copy of the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A hereto. The parties agree to obtain and retain a signed copy of the Acknowledgment and Agreement to Be Bound from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

10. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

4

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

information relating thereto on the same or related subject matter.

11. Nothing contained in this Confidentiality Agreement and Protective Order shall affect or restrict the rights of any party with respect to its own documents.

12. A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential Material pursuant to this Confidentiality Agreement and Protective Order.

13. Upon final termination of this action, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request within thirty days unless otherwise ordered by the Court. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Confidentiality Agreement and Protective Order. Moreover, any such Confidential Material shall not be used by counsel in any way in any other matter, including in any other case, action or proceeding.

14. The provisions of this Confidentiality Agreement and Protective Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Confidentiality Agreement and Protective Order or any provision hereof.

15. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Confidentiality Agreement and Protective Order is achieved.

16. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential documents or

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

5

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

information; or to apply to the Court for an order compelling production of documents; or for the modification or the relaxation of this Confidentiality Agreement and Protective Order.

17. The Court may modify this Confidentiality Agreement and Protective Order in the interests of justice or public policy.

Dated:  November 28, 2011                          MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Michael D. Schlemmer*
Daryl S. Landy
Michael D. Schlemmer
Attorneys for Defendant
NOVO NORDISK INC.


Dated:  November 28, 2011                          BLUMENTHAL, NORDREHAUG & BHOWMIK


By  */s/ Piya Mukherjee*
Piya Mukherjee
Attorneys for Plaintiff
MIRA LISA BROWN


**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: November 29, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ *[print or type full name]*, of _____ *[print or type full address]*, declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Agreement and Protective Order that was issued by the United States District Court for the Eastern District of California on _____ *[date]* in the case of *Brown v. Novo Nordisk, Inc.*, Case No. 2:11-CV-01702-MCE-CKD.  I agree to comply with and to be bound by all the terms of the Confidentiality Agreement and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of the Confidentiality Agreement and Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ *[print or type full name]* of _____ *[print or type full address and telephone number]* as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Confidentiality Agreement and Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
*[printed name]*

Signature: _____
*[signature]*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)