DARYL S. LANDY, State Bar No. 136288
MICHAEL D. SCHLEMMER, State Bar No. 250000
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel.  650.843.4000
Fax:  650.843.4001
E-mail:  dlandy@morganlewis.com;
mschlemmer@morganlewis.com

Attorneys for Defendant
NOVO NORDISK INC.


NORMAN B. BLUMENTHAL, State Bar No. 68687
KYLE R. NORDREHAUG, State Bar No. 205975
APARAJIT BHOWMIK, State Bar No. 248066
PIYA MUKHERJEE, State Bar No. 274217
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Tel.  858.551.1222
Fax:  858.551.1232

Attorneys for Plaintiff
MIRA LISA BROWN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA LISA BROWN, an individual, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NOVO NORDISK INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:11-CV-01702-MCE-CKD<br><br>**JOINT STIPULATION TO STAY PROCEEDINGS; ORDER**<br><br>United States District Judge<br>Morrison C. England, Jr. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION TO STAY PROCEEDINGS; ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

Plaintiff Mira Lisa Brown ("Plaintiff") and Defendant Novo Nordisk Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, the Parties desire to stay all proceedings in this action pending the Ninth Circuit's decision in three appeals that could directly implicate central issues in this case, *i.e.,* whether pharmaceutical sales representatives are properly classified as exempt from California Labor Code requirements under either the outside sales or administrative exemptions. *See D'Este v. Bayer Corporation; et al.*, No. 07-56577 ("*Bayer*"), *Barnick v. Wyeth*, No. 07-56684 ("*Wyeth*"), and *Menes v. Roche Laboratories, Inc.*, No. 08-55286 ("*Roche*") (collectively "the *Bayer/Roche/Wyeth* appeals").

WHEREAS, a stay of this action pending the Ninth Circuit's decision in the *Bayer/Roche/Wyeth* appeals concerning the applications of the outside sales and/or administrative exemptions under California law will promote efficiency and conserve the resources of this Court and the Parties, as the Parties expect the Ninth Circuit decision could provide this Court with guidance by clarifying the contours of these exemptions under California state law.

WHEREAS, on February 11, 2009, the Ninth Circuit heard oral argument in the then-consolidated *Bayer/Wyeth/Roche* appeals. *Bayer*, Docket No. 48.  In all three cases, the district courts had granted summary judgment to the defendants because they had found that pharmaceutical sales representatives fell within the outside sales exemption under California law.

WHEREAS, on July 13, 2009, the Ninth Circuit entered an order withdrawing the then-severed *Bayer/Wyeth/Roche* appeals from submission pending issuance of the mandate in *Harris v. Superior Court*, 154 Cal.App.4th 164 (2007), review granted, 171 P.3d 545 (Nov. 28, 2007) (No. S156555) ("*Harris*"). *Bayer*, Docket No. 58. *Harris*, which is pending before the California Supreme Court, concerns the issue of whether insurance claims adjusters are exempt from California Labor Code requirements under the administrative exemption.  The *Bayer/Wyeth/Roche* appeals shall be resubmitted to the Ninth Circuit within twenty days of the California Supreme Court's issuance of the mandate in *Harris* advising the Ninth Circuit of the effect of the *Harris* decision. *Id.*

WHEREAS, on October 3, 2011, the California Supreme Court heard oral argument in *Harris* and is expected to decide by the end of this year.

WHEREAS, other courts in California and in the Ninth Circuit Court of Appeals have stayed similar cases concerning the classification of pharmaceutical sales representatives pending the *Bayer/Wyeth/Roche* appeal. *See Silverman v. GlaxoSmithKline PLC, et al.*, 06-cv-7272 DSF, Docket No. 188 (C.D. Cal. Dec. 17, 2008); *Thorpe v. Abbott Laboratories Inc., et al.*, 5:07-cv-05672 RMW, Docket No. 74 (N.D. Cal. Dec. 7, 2010); *Brody v. Astrazeneca Pharmaceuticals, LP*, 08-56120, Docket No. 41 (9th Cir. September 26, 2011); *Rivera v. Schering Corporation*, 08-56565, Docket No. 38 (9th Cir. August 18, 2011).

WHEREAS, neither Party in this action will suffer prejudice because of the stay.

NOW THEREFORE, the Parties hereby stipulate and agree that all proceedings in this action be stayed pending the Ninth Circuit's decision in the *Bayer/Wyeth/Roche* appeals.

Dated: December 8, 2011          MORGAN, LEWIS & BOCKIUS LLP

                                 By   */S/ Michael D. Schlemmer*
                                      Daryl S. Landy
                                      Michael D. Schlemmer
                                      Attorneys for Defendant
                                      NOVO NORDISK INC.

Dated: December 8, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK

                                 By   */S/ Piya Mukherhee* (as authorized on 12/8/11)
                                      Piya Mukherjee
                                      Attorneys for Plaintiff
                                      MIRA LISA BROWN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   JOINT STIPULATION TO STAY PROCEEDINGS; ORDER
(CASE NO. 2:11-CV-01702-MCE-CKD)

**ORDER**

Based on the foregoing Joint Stipulation of the Parties and for good cause appearing, IT IS ORDERED that this action is STAYED and ADMINISTRATIVELY CLOSED for all purposes, and all deadlines and hearings are vacated, pending the Ninth Circuit's decision in the appeals of *D'Este v. Bayer Corporation; et al.*, No. 07-56577, *Barnick v. Wyeth*, 07-56684 and *Menes v. Roche Laboratories, Inc.*, 08-55286.  The Parties shall notify the Court within ten days of the issuance of the Ninth Circuit's decision.

IT IS SO ORDERED.

Dated:  December 20, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE